```
              IN THE UNITED STATES DISTRICT COURT
           FOR THE EASTERN DISTRICT OF PENNSYLVANIA


MARY LOUISE KELLY WOLFINGTON    :      CIVIL ACTION
and RICHARD I. WOLFINGTON       :
                                :
         v.                     :
                                :
DELAWARE RIVER PORT AUTHORITY   :
OF PENNSYLVANIA AND NEW JERSEY, :
et al.                          :      NO. 04-04655-JF
```

MEMORANDUM AND ORDER

Fullam, Sr. J.                                         July 25, 2005

      Plaintiff Mary Louise Kelly Wolfington parked her car in a no parking zone (she alleges that the "no parking" signs were illegible).  Officers of the Delaware River Port Authority arrived on the scene as she was about to get into her car to leave the area.  They presented her with a parking ticket based upon the violation, but sought to have her remain there until a tow-truck arrived, so that her vehicle could be towed to an impoundment lot.  Ms. Wolfington left the area, was pursued and apprehended.  She alleges that she was mistreated in various ways throughout this experience.

      In this action for damages, plaintiffs' counsel saw fit to file a complaint which contains 189 paragraphs, extending to 47 pages.  On March 24, 2005, I entered an order directing the plaintiffs to "file an amended complaint which avoids hyperbole, recitations of evidence, etc. – in short, a complaint which complies with the requirements of Rule 8(a) of the Federal Rules

of Civil Procedure."  The order specifically stated that "unless plaintiffs file an amended complaint which does comply with the Federal Rules of Civil Procedure, within 60 days, this action will be dismissed with prejudice."

Plaintiffs' counsel did not comply with that order.  Instead, on the 59th day, plaintiffs filed a motion to strike certain objections the defendants had previously filed to plaintiffs' interrogatories, and seeking to compel further answers to plaintiffs' interrogatories – none of which had any clear relationship to the drafting of an amended complaint.  On June 8, 2005, approximately 10 days beyond the deadline set by the court's order, plaintiffs filed a "First Amended Complaint."  This document simply repeats much of the evidentiary detail which rendered the first complaint defective, but manages to compress plaintiffs' allegations to a mere 172 paragraphs, 39 pages.  Defendants have now filed a motion to dismiss this action with prejudice, pursuant to the March 24, 2005 order.

The court has heard argument on that motion, and also on plaintiffs' motion to compel discovery.  In the course of the argument, it became reasonably clear that plaintiffs' counsel was not acting in defiance of this court's order, but is simply unable to understand the requirements of Rule 8(a) of the Federal Rules of Civil Procedure.  He seems to believe it is perfectly acceptable to present, in a complaint, all of the evidence to be introduced at trial; to include in the complaint what amounts to

a trial brief; and, after setting forth the operative facts in unnecessary detail, to repeat most of those facts in each of the successive counts of the complaint.  It is apparent that dismissal of this action with prejudice would be entirely reasonable, but, since it appears that, if the facts set forth in the amended complaint are true, plaintiffs have suffered significant wrongs which are indeed actionable, I am reluctant to dismiss the action because of counsel's mis-steps.  I believe a lesser sanction would serve as well.

  An Order follows.

```
              IN THE UNITED STATES DISTRICT COURT
           FOR THE EASTERN DISTRICT OF PENNSYLVANIA


MARY LOUISE KELLY WOLFINGTON    :       CIVIL ACTION
and RICHARD I. WOLFINGTON       :
                                :
        v.                      :
                                :
DELAWARE RIVER PORT AUTHORITY   :
OF PENNSYLVANIA AND NEW JERSEY, :
et al.                          :       NO. 04-04655-JF
```

ORDER

AND NOW, this 25th day of July 2005, upon consideration of defendants' motion to dismiss this action with prejudice, and plaintiffs' motion to compel discovery, IT IS ORDERED:

1. Plaintiffs' motion to compel discovery is DENIED, since the answers already provided are entirely adequate.

2. Defendants' motion to dismiss this action with prejudice is DENIED.

3. Defendants need not file any further response to the complaint or amended complaint.

4. If, at the conclusion of this case, it appears that the defendants, or any of them, are liable to plaintiffs for counsel fees, any award of counsel fees to plaintiffs shall not include compensation for drafting or defending either the original or the first amended complaint.

                                        BY THE COURT:


                                        /s/ John P. Fullam
                                        John P. Fullam, Sr. J.

4