```
            IN THE UNITED STATES DISTRICT COURT
         FOR THE EASTERN DISTRICT OF PENNSYLVANIA


MARY LOUISE KELLY WOLFINGTON     :     CIVIL ACTION
and RICHARD I. WOLFINGTON        :
                                 :
         v.                      :
                                 :
DELAWARE RIVER PORT AUTHORITY    :
OF PENNSYLVANIA AND NEW JERSEY,  :
OFFICER THEODORE LOEBELL and     :
OFFICER KENNETH MANNY            :     NO. 04-04655-JF
```

MEMORANDUM AND ORDER

Fullam, Sr. J.                                        May 1, 2006

Plaintiff Mary Louise Kelly Wolfington parked her car in a no parking zone, under the Delaware River Bridge.  When she returned to her vehicle, it had been ticketed by Port Authority police officers (the individual defendants) and a tow-truck had been summoned to remove the car an impoundment lot.  An unpleasant confrontation ensued, culminating in Mrs. Wolfington's arrest and imprisonment, following a police pursuit.  Mrs. Wolfington has brought this action against the two police officers and their employer, the Delaware River Port Authority, asserting claims of constitutional violations under 42 U.S.C. § 1983, and state law violations.  Discovery is now complete, and the trial is imminent.

The defendant Port Authority has filed a motion for summary judgment with respect to the § 1983 claims.  The motion will be granted.  In order to establish a constitutional

violation under § 1983 against a governmental entity such as the defendant Authority, plaintiffs must establish that the constitutional violation is attributable to a policy or practice officially sanctioned by that entity.  In the present case, however, there is a total lack of such evidence.  It is undisputed that the official written policies of the defendant Authority do not condone the wrongful conduct alleged by plaintiffs.  There is ample evidence that the defendant police officers were properly trained, and there is no evidence to the contrary.  The most that can be shown is that, on this particular occasion, the officers acted in a manner inconsistent with the Authority's policies and procedures.  But there is no evidence that either officer had ever acted inappropriately on any other occasion, or even that other officers employed by the Authority had ever violated anyone's constitutional rights previously.

Plaintiffs assert that, although the Authority conducted an investigation into the incident after it occurred, there is no evidence that either officer was subjected to disciplinary action.  Hence, it is argued, the defendant Authority has taken no action to prevent a recurrence of such conduct on the part of these officers.  Even if that is true, however, it does not support plaintiffs' claim that their constitutional rights were violated as a result of an official policy or practice of the Authority.

For all of these reasons, plaintiffs' § 1983 claims against the defendant Authority must be dismissed. This does not, of course, affect plaintiffs' § 1983 claims against the individual defendants, nor their state-law claims against the Authority as well as the individual defendants.

An Order follows.

```
              IN THE UNITED STATES DISTRICT COURT
           FOR THE EASTERN DISTRICT OF PENNSYLVANIA


MARY LOUISE KELLY WOLFINGTON    :    CIVIL ACTION
and RICHARD I. WOLFINGTON       :
                                :
          v.                    :
                                :
DELAWARE RIVER PORT AUTHORITY   :
OF PENNSYLVANIA AND NEW JERSEY, :
OFFICER THEODORE LOEBELL and    :
OFFICER KENNETH MANNY           :    NO. 04-04655-JF
```

ORDER

          AND NOW, this 1st day of May 2006, upon consideration of the motion of defendant Delaware River Port Authority for summary judgment, and plaintiffs' response, IT IS ORDERED:

        That the motion for summary judgment is GRANTED, and Counts I and XI of plaintiffs' complaint are DISMISSED with prejudice, as to the defendant Delaware River Port Authority.


                                                     BY THE COURT:


                                                     /s/ John P. Fullam
                                                   John P. Fullam, Sr. J.